### George Spray and T. N. Byerly v. John Delemere.

1. REPLEVIN—*By a Chattel Mortgagee.*—Replevin can not be sustained by a mortgagee in a chattel mortgage after the note secured by it has been paid.

Replevin.—Appeal from the County Court of DeWitt County; the Hon. GEORGE K. INGHAM, Judge, presiding. Heard in this court at the November term, 1899. Affirmed. Opinion filed June 12, 1900.

JOHN FULLER, attorney for appellants.

E. J. SWEENEY, attorney for appellee.

MR. JUSTICE BURROUGHS delivered the opinion of the court.

This was an action of replevin by appellee against appellants to recover a mare, originating before a justice of the peace of DeWitt county, where, after a trial, appellee recovered a judgment. The case was taken by appeal to the County Court of that county, where it was tried by the

court without a jury, by consent of parties, and appellee again recovered a judgment, to reverse which, appellants prosecute this appeal, urging a reversal on the ground alone, that the finding and judgment are against the evidence.

It appears that appellant Stray caused appellant Byerly, as his agent, to take possession of the mare from appellee, under a chattel mortgage which the latter had given Spray upon her to secure a note of $254 which appellee had given Spray. The note was past due when the mare was taken, and appellee testifies he had paid it in full, while Spray testifies there was a balance due of some $80 or more.

Appellee and Spray had a number of business transactions with each other, and appellee had given him several notes before he gave him the one for $254. Some of these notes, Spray, when testifying, admitted were paid, and in speaking of them and the $254 note, said, " These here notes has got mixed up so, going so far back, I don't know anything about it, so I can't say what we have done and tell the truth."

There is no question but that the mare belongs to appellee, and that he is entitled to possession of her, if the note for which the mortgage was given was paid, as positively testified to by appellee.

After a careful consideration of all the evidence, we are unable to conclude that the trial judge arrived at a wrong conclusion when he found for appellee, therefore we affirm the judgment. Judgment affirmed.